IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| AJA L. BLOUNT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | CIVIL NO. 08-889-GPM |
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 05-30091-GPM |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On December 15, 2008, Aja. L. Blount ("Blount") filed the instant motion pursuant to 28 U.S.C. § 2255, to vacate or set aside the conviction or correct sentence by a person in federal custody (Doc. 1). The Government filed a response on Feb. 19, 2009 (*see* Docs. 5, 8), and Blount filed a reply on May 14, 2009 (Doc. 9).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the

record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), *citing United States v. Frye,* 738 F.2d 196 (7th Cir. 1984). In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim. Accordingly, the Court will rule on the motion without a hearing.

## BACKGROUND

On July 19, 2006, a jury convicted Blount of violating 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 924(c)(1) in the United States District Court for the Southern District of Illinois. Specifically, the jury found Blount guilty of possession with intent to distribute a mixture or substance containing cocaine base commonly, known as "crack" cocaine (Count 1), being a felon in possession of a firearm (Count 2), and possession of a firearm in furtherance of a drug trafficking crime (Count 3). These charges stemmed from Blount's arrest in May 2005 on an outstanding arrest warrant from Madison County, Illinois. When officers searched Blount pursuant to the arrest, they found crack cocaine on his person. Then, after obtaining a search warrant for his residence, officers discovered more crack cocaine and a gun in Blount's bedroom.

Following his conviction, the Court sentenced Blount to concurrent terms of 121 months on Count 1 and 120 months on Count 2. The Court also sentenced Blount to 60 months on Count 3 to run consecutive to the terms of imprisonment imposed on Counts 1 and 2. Blount appealed, but the Seventh Circuit affirmed Blount's conviction and sentence on September 17, 2007. *United States v. Blount*, 502 F.3d 674 (2007).[1]

---

[1] The only issues raised on direct appeal were (1) whether the district court improperly admitted evidence of Blount's earlier drug and gun activities – "prior bad acts" under Federal Rule of Evidence 404(b) – because the government provided insufficient notice prior to trial; and (2) whether a police officer impermissibly testified as to Blount's motives and supplied legal conclusions, in violation of Federal Rules of Evidence 702 and 704.

Before trial, Blount asked the first two of his court-appointed attorneys, Daniel Cronin and John Abell, to be dismissed based on disagreements about their handling of the case. Although initially satisfied with his third attorney, Michael Ghidina, Blount eventually became dissatisfied with Ghidina too, and Ghidina sought leave to withdraw (*see* Doc. 41). The Court denied Ghidina's motion and reminded Blount that "refusal to cooperate with his counsel may result in a finding that he has waived his Sixth Amendment right to counsel." (Doc. 42). Blount's request to discharge Ghidina was likewise denied. (Docs. 53, 62)

Ghidina then filed a motion to suppress statements, and the Government filed a response (*see* Docs. 45, 58). This Court held a hearing the day before trial (*see* Docs. 62, 119); the motion was denied. The jury heard the case on July 17-18, 2006, and found Blount guilty of all counts. Ghidina represented Blount at the sentencing hearing on October 23, 2006. (Doc. 93).

Blount argues that his sentence should be vacated, set aside, or corrected because (1) the motion to suppress filed by trial counsel was deficient because it relied on inapposite case law and failed to raise the meritorious issue that Blount's confession was coerced; (2) Blount's counsel failed to investigate the propriety of the arrest warrant which was the lynchpin of the case against him. (*See* Doc. 1).

## ANALYSIS

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move

the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, collateral relief is available to Blunt only if any legal error in his conviction is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver,* 961 F.2d at 1341, *quoting Haase v. United States,* 800 F.2d 123, 136 (7th Cir. 1986). In other words, a Section 2255 motion does not serve as a substitute for a direct appeal.

The United States Supreme Court has held that a defendant can raise a claim for ineffective assistance of counsel in a collateral proceeding even though he could have, but did not, raise the claim on direct appeal (and Blount did not). *See Massaro v. United States,* 538 U.S. 508-509 (2003). To establish a claim of ineffective assistance of counsel, Blount must show that his counsel's "performance was deficient, which means counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment, and that the deficient performance prejudiced him, which means that counsel's error were so serious that they deprived him of a fair trial with reliable results." *Mahafey v. Schomig,* 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland,* 466 U.S. at 687. The Seventh Circuit has noted that "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995).

Again, a 28 U.S.C. § 2255 motion does not mandate an evidentiary hearing. *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir. 1996); *see also Bruce v. United States,* 256 F.3d 592, 597 (7th Cir. 2001). "[A] district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States,* 467 F.3d 1063, 1067 (7th Cir. 2006) (emphasis in original) (internal quotation marks omitted). However, if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief" then

a hearing is not required. *Id.* Allegations that are "vague, conclusory, or palpably incredible rather than detailed and specific" do not warrant a hearing. *Bruce,* 256 F.3d at 597. Likewise, "mere speculation" does not warrant an evidentiary hearing, as the petitioner "must file detailed and specific affidavit showing he has actual proof of allegations he is making" *Miller v. United States,* 183 Fed. Appx. 571, 578 (7th Cir. 2006).

Blount alleges that his trial counsel, Michael Ghidina, made several errors. First, he alleges that the motion to suppress was deficient because it relied on inapposite case law and failed to raise the meritorious issue that Blount's confession was coerced. Ghidina denies in an affidavit (*see* Doc. 8-4) that Blount told him that his confession was coerced, despite their multiple discussions about motions to suppress.

Blount has failed to provide any evidence that he told any of his attorneys, including Ghidina, that his confession was coerced, other than his own self-serving statement. An ineffective assistance of counsel claim cannot stand on a blank record consisting only of the defendant's own unsupported allegations of misconduct. *United States v. Hodges* 259 F.3d 655, 660 (7th Cir. 2001); *see also United States v. Jordan* 870 F.2d 1310, 1318 (7th Cir. 1989) (holding bare allegations are insufficient to show ineffective assistance of counsel without further proof of defendant's claim). Therefore, under the standard in *Strickland*, Blount cannot establish any deficient performance of his trial counsel or any resulting prejudice in his case.

Blount tries to distinguish *Hodges* on the grounds that the issue arose during the course of a direct appeal, and that as such, there was no opportunity for further factual development. He claims a hearing would provide opportunity for further factual development. Blount characterizes the case as his word against his former attorney's and claims that the disparity warrants a hearing.

However, "in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows the petitioner had actual proof of the allegations going beyond mere unsupported assertions" *Kafo v. United States,* 467 F.3d 1063, 1067 (7th Cir. 2006). Blount's contentions do nothing to establish "actual proof," beyond mere allegations.

Blount next argues that Ghidina failed to understand case law when filing his motion to suppress, specifically *Edwards v. Arizona*, 451 U.S. 477 (1981). He characterizes the motion as "manifestly unreasonable" on the basis that *Edwards* is not on point, and that the motion ignored more recent and relevant case law. But the Court is mindful that it held a hearing on the motion, and it considered the arguments carefully. Ghidina was prepared for the hearing and demonstrated a thorough understanding of the issues and the law. There was nothing before the Court to support an order suppressing the evidence in this case.

Blount's only other theory for suppression is that his confession was coerced by threats against his mother. Again, his only evidence for that theory is his own self-serving statement that he told his attorneys about the threats, and each attorney failed to respond. Without more than his own statements that his confession was coerced, Blount cannot show the necessary prejudice under the *Strickland* standard. Moreover, the record reflects that each attorney had numerous, extended discussions with Blount. There is nothing to suggest deficient performance.

Blount also argues that he received ineffective assistance of counsel because his attorneys failed to investigate the validity of his arrest warrant. He claims that he raised this issue with each attorney, but no one investigated it. Blount implies, but does not state directly, that his attorneys should have done more than merely look at Government discovery showing the existence of a valid arrest warrant. In Ghidina's affidavit, however, he notes that he traveled to the Madison County,

Illinois, courthouse, spoke to court personnel and examined Blount's case file. Ghidina confirmed that Blount's file contained the arrest warrant he was served. The lawyer before Ghidina, John Abell, also attests that he and attorney Cronin considered the issue of the arrest warrant and concluded that under the facts in Blount's case, the issue was not worth pursuing. Blount has not come close to showing deficient performance on this issue.

Finally, even if he could show deficient performance, Blount cannot show prejudice. The arrest warrant was valid, and the officer relied on it in good faith. The evidence was properly admitted.

## CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice.** The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 6/12/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge