IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AJA L. BLOUNT, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 08-889-GPM |
| UNITED STATES OF AMERICA, | ) ) | CRIMINAL NO. 05-30091-GPM |
| Respondent. | ) ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Aja Blount is serving a sentence of 181 months imprisonment after being convicted by a jury on charges of possession with intent to distribute a mixture or substance containing cocaine base commonly, known as "crack" cocaine (Count 1), being a felon in possession of a firearm (Count 2), and possession of a firearm in furtherance of a drug trafficking crime (Count 3). He has filed a notice of appeal from the Court's Order denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence *(see* Docs. 11-13), and he seeks a certificate of appealability (Doc. 14).

Pursuant to 28 U.S.C. § 2253, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> [I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who

> rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

Fed. R. App. P. 22(b)(1).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Young v. United States*, 124 F.3d 794, 798-99 (7th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991-92 (7th Cir. 1996). A substantial showing of the denial of a constitutional right for purposes of the statute means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). *Cf. Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

Blount's motion for a certificate of appealability identifies ineffective assistance of counsel as the issue that he intends to raise on appeal. He argues that trial counsel was ineffective in three ways. First, Blount asserts "the Motion to Suppress Statements relied on inapposite case law and failed to raise the issue that the statements were invalid because coerced." Blount also argues that he received ineffective assistance of counsel because "a reasonable probability existed that had counsel moved to suppress statements because they were coerced, the result of the proceeding would have been different." Finally, he argues that "trial counsel failed to investigate the validity of the

arrest warrant, that appeared to have issued after the case upon which it was based had been closed." (Doc. 14).

The Court already has addressed these arguments in its Order denying Blount's motion for relief from his sentence under 28 U.S.C. § 2255 and concluded that they have no merit. Although Blount argues that another court could reach a different conclusion, the Court disagrees. Blount has not made and cannot make a substantial showing of the denial of a constitutional right.

Blount's motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (Doc. 14) is **DENIED**. Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Clerk of Court is **DIRECTED** to mail a copy of this Order to the United States Court of Appeals for the Seventh Circuit; Blount may renew his request for a certificate of appealability in the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 7/16/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge