IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AJA L. BLOUNT, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 08-889-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Aja L. Blount is currently serving a 181 month sentence for his conviction of possession with intent to distribute crack cocaine, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime. Mr. Blount filed this instant motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence, claiming ineffective assistance of counsel. On June 12, 2009, this Court entered an Order denying Mr. Blount's motion, noting that Mr. Blount failed to provide any evidence beyond his "self-serving" affidavit. The Seventh Circuit Court of Appeals reversed that Order on April 8, 2010, finding that Mr. Blount's affidavit was sufficient to justify further proceedings. In response to that remand, this Court held an evidentiary hearing on Mr. Blount's motion January 24, 2011. For the reasons set forth on the record and in this Order, Mr. Blount's § 2255 motion is DENIED.

## BACKGROUND

Mr. Blount was appointed counsel after he was charged in a May 17, 2005 indictment. Daniel Cronin of the Federal Public Defender's Office was initially appointed, but Mr. Blount filed

a *pro se* motion for appointment of new counsel, claiming that Mr. Cronin would not file certain motions as requested. The Court granted the motion and appointed John Abell as Mr. Blount's new counsel on Sept. 9, 2005. On Nov. 30, 2005, Blount filed a motion to proceed *pro se*, and several days later, Mr. Abell filed a motion to withdraw as counsel. Mr. Abell averred that, as had Mr. Cronin, he refused to file a motion to suppress the cocaine that was found upon Mr. Blount's arrest. Mr. Abell stated that he agreed with Mr. Cronin's assessment–that such a motion to suppress would be frivolous. The Court again re-appointed counsel, this time Michael Ghidina. On July 3, 2006, Mr. Ghidina filed a motion to withdraw as counsel, citing disagreements over how defense should proceed. The Court denied Mr. Ghidina's motion to withdraw. Mr. Ghidina was Mr. Blount's counsel at trial.

In his Section 2255 motion, Mr. Blount claimed that his failed relationship with counsel stemmed from Mr. Blount's desire to pursue a motion to suppress evidence based on what he considers to be a faulty, or non-existent, arrest warrant. Mr. Blount claims that when he was arrested May 3, 2005 the arresting officer stated that Mr. Blount was being arrested on the basis of a bench warrant issued in Madison County case no. 05 DT 1521. Mr. Blount did not believe it was possible that an outstanding warrant existed. He based this belief, at least on part, on the fact that he had recently completed intensive probation, and he did not believe he could have completed that program with an outstanding arrest warrant. Mr. Blount further claimed that when he was arrested and taken to the Collinsville Police Department, the arresting officers told him he could either talk to them or "something" would happen to his mother. Mr. Blount understood this threat to mean that his mother, who was the lessee on Mr. Blount's apartment, would be prosecuted. Mr. Blount made a videotaped confession after signing a *Miranda* waiver.

According to his affidavit, an exhibit to his § 2255 motion, Mr. Blount averred that attorneys Cronin and Abell refused to raise the possible lack of an arrest warrant (Doc. 1-1). Mr. Blount did admit that Mr. Cronin sent him an eight-page letter explaining the dearth of any basis for such a challenge. Mr. Blount averred that he re-raised his suspicions about the warrant with Mr. Ghidina, but "Ghidina also resisted filing motions to suppress the government's evidence" (Doc. 1-1). Actually, Mr. Ghidina did file two motions to suppress: a motion to suppress physical evidence and a motion to suppress statements (No. 05-30091-GPM Doc.s 43, 45). The motion to suppress evidence argued that the affidavit in support of the warrant was insufficient and inaccurate (05-30091, Doc. 43). Mr. Blount also averred that he told Mr. Ghidina about the alleged threat to his mother, but that Mr. Ghidina never raised that issue before the Court. At the hearing on this § 2255 motion, Mr. Blount admitted that he never mentioned the alleged threat to his mother to either Mr. Cronin or Mr. Abell. Mr. Ghidina submitted an affidavit, and he so testified at the § 2255 hearing, that Mr. Blount never told him that his confession was "coerced" by a threat to his mother. Mr. Ghidina also averred and testified that, in response to Mr. Blount's concern, he went to the Madison County Courthouse to verify that a warrant had been outstanding for Mr. Blount's arrest. Mr. Ghidina testified that a valid warrant was in the file. At the hearing, both the government and the defense admitted that such a warrant–which had been issued for Mr. Blount's arrest–was issued on January 4, 2005. Defense counsel argued that the 1/4/05 warrant was not in the court file at the time of Mr. Blount's 5/3/05 arrest.

Mr. Blount's argument for relief pursuant to § 2255 is that his succession of attorneys insufficiently represented him. Specifically, Mr. Blount claims that none of his counsel, in preparation for or during trial, gave sufficient attention to the arrest warrant issue or the alleged

threat to his mother which purportedly prompted his confession.

## ANALYSIS

In general, the Court must grant a request to vacate, set aside, or correct a federal prison sentence when "the sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process. Consequently, Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that '[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Relief under Section 2255 is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997), *quoting Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). Petitions under Section 2255 are subject to various bars, including that of procedural default. A Section 2255 petition is "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Thus, such a petition cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

A claim of ineffective assistance of trial counsel may properly be raised in a Section 2255 petition regardless of whether the defendant raised the issue of ineffective assistance on direct appeal from his or her conviction. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish a claim of ineffective assistance of counsel, the petitioner must show: 1) that his counsel's "performance was deficient, which means counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment," and 2) "that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahaffey v. Schomig,* 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland v. Washington,* 466 U.S. 668, 687 (1984). As the Seventh Circuit has noted, "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995).

Upon remand from the Seventh Circuit, an evidentiary hearing was held in this case, and the Court has considered all the evidence, testimony, and submissions of the parties. Furthermore, the Court had the opportunity at that hearing to determine the credibility of the testifying witnesses. The Court finds Mr. Blount's testimony to be not credible. That he is a convicted felon does bear on the credibility determination, but what strikes this Court as particularly incredible is that Mr. Blount simply failed to mention to his first two attorneys that the police allegedly threatened his mother in order to coerce his confession. Mr. Blount's testimony left the strong impression that this story was invented after his trial. The Court credits the hearing testimony of Mr. Ghidina who did diligently investigate the matter of the arrest warrant. Mr. Ghidina had no recollection that Mr. Blount told him that his mother was threatened–in fact, Mr. Ghidina (as well as the officer who took Mr.

Blount's confession) testified that he was not even aware Mr. Blount 'had' a mother. Irrespective of any filing irregularities that occurred at the Madison County Courthouse, there was indisputably a warrant for Mr. Blount's arrest at the time he was arrested. That Mr. Blount's attorneys did not want to advance frivolous claims in no way indicates deficient performance. Mr. Blount adduced no credible evidence of deficient attorney performance or resultant prejudice from any allegedly deficient performance. As such, his § 2255 motion is DENIED.

**IT IS SO ORDERED.**

DATED: 1/28/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge