IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AJA L. BLOUNT, )
)
          **Plaintiff,** )
)
vs. ) CIVIL NO. 08-889-GPM
)
UNITED STATES OF AMERICA, )
)
          **Defendant.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On January 28, 2011, the Court issued an Order denying Mr. Blount's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. 44). Now before the Court is a "motion requesting a determination of ineffective assistance of counsel based on a failure to file a notice of appeal," filed by Mr. Blount on August 1, 2011 (Doc. 48).

According to Mr. Blount's current *pro se* motion, he believed that his attorney, Andrea Gambino, was filing a timely appeal from the Court's Order denying his § 2255 motion–"Attorney Gambino lead Mr. Blount to believe that she would appeal the denial of the 2255 motion because she knew he wanted to appeal that denial" (Doc. 48). No appeal from the Court's Order was filed. In his motion, he cites *Castellanos v. United States,* arguing that Ms. Gabmino's failure to appeal the § 2255 denial was a *per se* violation of the Sixth Amendment. 26 F.3d 717, 718 (7th Cir. 1994).

Mr. Blount is correct that, per *Castellanos*, a petitioner in a § 2255 proceeding need not show that he or she would have prevailed on appeal in order to argue ineffective assistance of counsel for counsel's failure to perfect an appeal from conviction (if plaintiff requested that counsel file an

appeal). 26 F.3d at 718-19. However, *Castellanos* regarded an appeal from a criminal conviction and the petitioner's right to effective assistance of counsel during trial and direct appeal. Mr. Blount wanted counsel to appeal from the Court's denial of his § 2255 collateral attack on his sentence. The difference between *Castellanos* and Mr. Blount's motion here, is that Mr. Blount did not have a constitutional right to effective assistance of counsel for his § 2255 motion. *See Johnson v. McBride,* 381 F.3d 587, 590 (7th Cir. 2004) ("Once trial and direct appeals have run their course, however, neither the sixth amendment nor federal law guarantees effective assistance of counsel for collateral proceedings, not even in an capital case."); *see also Coleman v. Thompson,* 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *citing Wainwright v. Torna,* 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance); *and Cannon v. United States,* 326 Fed. Appx. 393, 395 (7th Cir. 2009), *citing* 28 U.S.C. § 2254(i) ("Prisoners do not have a constitutional right to counsel in prosecuting a collateral attack, and so the shortcomings of lawyers at this stage fall on the prisoner himself rather than being imputed to the state. This means that the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief. Although that provision applies directly to § 2254 proceedings, the principle is no less applicable to § 2255 proceedings.").

Mr. Blount had no right to effective assistance of counsel in his collateral § 2255 proceeding. Thus counsel's failure to file an appeal from the denial of Mr. Blount's § 2255 motion does not merit a determination of ineffective assistance and does not provide ground for relief. Mr. Blount's motion is DENIED and this actions remains CLOSED.

**IT IS SO ORDERED.**

DATED: 8/11/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge